**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                                    **CIVIL ACTION**

**VERSUS**                                                                  **NO: 07-230**

**CARLOS SANTIAGO CAPARROS**                                **SECTION: B(2)**


<u>**ORDER AND REASONS**</u>

Defendant's Motion to Modify or Reduce a Federal Sentence under is DENIED.[1] The government's opposition to the defendant's Motion (Rec. Doc. No. 188) and the defendant's reply (Rec. Doc. No. 189) were also considered in reading this decision.

<u>**BACKGROUND**</u>

On January 9, 2008, defendant, Carlos Santiago-Caparros pled guilty to conspiracy to distribute cocaine, and possession with intent to distribute cocaine and aiding and abetting. He was sentenced to incarceration in a federal penitentiary. (Rec. Doc. No. 186). Defendant argues that his role in the cocaine conspiracy was minimal. He claims to have been a "goffer" and should be awarded a four point reduction from his Criminal

---

[1] We are grateful for the work on this case by Brittany Kendig, a Tulane University Law School extern with our Chambers.

1

History Score as a result of his Mitigating Role per U.S.S.G. § 3B1.2 (Rec. Doc. No. 186 at 4-5).

**DISCUSSION**

Defendant is not entitled to relief under 18 U.S.C. §3582(c)(1)(A)(I) for "extraordinary to compelling reasons." One permissible reason for relief under this statute is: extreme ill health or such debilitating diseases that an inmate is unable to self-care, which defendant does not allege here. *See U.S. v. Guerrero*, 166 Fed.Appx. 757, 757 (5th Cir. 2006). Another possible justification for relief under this statute was explored in *U.S. v. Arnold*, 54 Fed.Appx. 794, 794(5th Cir. 2002), where the court denied the defendant's request for relief under §3582(c)(1)(A)(i) because he failed to show "any amendment to or modification of the sentencing guidelines in effect when he was sentenced." Likewise, this case lacks any amendments or changes to the law, or even to the factual basis for defendant's guilty plea. This court has previously found that defendant was more than a minor player. (Rec. Doc. No. 188 at 2). His attempted re-litigation is untimely and his claim is without merit. Guided by § 3553(a)(1), all factors for imposing sentence have already been considered. Nothing presented now effects the determination made at sentencing.

Defendant asks the court to examine U.S.S.G. §1B1.2, where

some adjustments in sentencing are allowed for defendants who are "substantially less culpable than the average participant" in a larger conspiracy. U.S.S.G. §1B1.2 (A) (2009).

As noted earlier, this issue has already been litigated and determined. There was no clear error in the determination. Under Rule 35 of the Federal Rules of Criminal Procedure, the court may correct a clear error that is derived from a 'arithmetical, technical, or other clear error" so long as it occurs within fourteen days of sentencing. Fed.R.Crim.P. 35(a). Here, the defendant was sentenced to his incarceration period on April 16, 2008. (Rec. Doc. No. 188 at 1). Nearly two years later, on January 13, 2010, defendant filed the instant motion.

Lastly, U.S.S.G. §1B1.2 does not require that the base sentence be reduced, even if the defendant proves to have a minor role in the crime. In *U.S. v. Garza*, 334 Fed.Appx. 600, 602 (5th Cir. 2009), the defendant admitted knowledge that the vehicle he was driving contained drugs and the court denied his request for a reduced sentence. *Id.* Like *Garza*, our defendant had knowledge that cocaine was involved in his interactions with the other members of the conspiracy, saying that he was "...trying to make a little money to bring his suffering wife to the United States....and thats (sic) when he join (sic) the conspiracy...." *Id.* (Rec. Doc. No. 186 at 5). There was no clear error in sentencing. Defendant's attempt to assert that he did explain the

3

meaning of his minimal role is not credible in view of the record at the plea of guilty and sentencing. Attempts also to shift attention to his attorney's alleged failure to argue for a minimal role assessment is futile.

Accordingly, defendant's motion is **DENIED**.

New Orleans, Louisiana, this 20th day of July, 2010.

UNITED STATES DISTRICT JUDGE